1 | Richard J. Bauer, Jr., Esq.
California Bar No. 147314
2 | Mark T. Domeyer, Esq.
California Bar No. 135008
3 | MILES, BAUER, BERGSTROM & WINTERS, LLP
1665 Scenic Ave., Suite 200
4 | Costa Mesa, CA 92626
(714) 481-9100 / FAX (714) 481-9144
5 | File No. 10-08501
Attorneys for Secured Creditor, BAC HOME LOANS SERVICING LP

6

7

**UNITED STATES BANKRUPTCY COURT**
8 | **CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

9

In re:                                    Case No.: LA-09-31162 EC
10

PHYLLIS R. CADDELL,                       Chapter 11
11

Debtor.                          **OBJECTIONS TO ADEQUACY OF**
12 | **DISCLOSURE STATEMENT;**
**REQUEST TO EXTEND TIME FOR**
13 | **ELECTION IN ACCORDANCE WITH**
**11 U.S.C. § 1111(b); REQUEST FOR**
14 | **JUDICIAL NOTICE IN SUPPORT;**
**DECLARATION OF ROSALIA**
15 | **GONZALEZ IN SUPPORT**

16 | DATE: August 31, 2010
TIME: 3:00 p.m.
17 | PLACE: Courtroom 1639
255 East Temple Street
18 | Los, Angeles, CA 90012

19

COMES NOW, BAC HOME LOANS SERVICING LP, a Secured Creditor and in the
20

above-entitled Bankruptcy proceeding and a Class 3(b) creditor ("Objecting Secured Creditor")
21

pursuant to the Debtor's Disclosure Statement ("Disclosure Statement") and Plan of
22

Reorganization ("Plan") dated April 15, 2010 and submits the following Objections to approval
23

of the Disclosure Statement and a request to extend the time for an election in accordance with
24

1     11 U.S.C. § 1111(b) in the event Debtor no longer contends that the Objecting Secured Creditor

2     is the holder of a first priority secured claim on the residence and that the Objecting Secured

3     Creditor's secured claim is subject to a lien-strip and cram down based on a valuation of the

4     collateral.

5         Secured Creditor respectfully requests that the court deny approval of the Disclosure

6     Statement. The Objecting Secured Creditor holds a first priority perfected security interest in

7     real property of the Debtor commonly known as 1101 Heatherside Road, Pasadena, CA 91105

8     ("1101 Heatherside Road"). The loan was intended to be secured by a first priority deed of trust

9     on the Debtor's residence. The Objecting Secured Creditor obtained a title report at inception to

10     confirm that its lien would enjoy first priority status.    Debtor has admitted that the loan enjoys

11     first priority. The petition address and the Schedules identified the 1101 Heatherside Road

12     property as the residence and the Schedules contained an admission that the Objecting Secured

13     Creditor is the holder of a claim secured by a first priority lien on the Debtor's residence. A true

14     copy of Debtor's Schedules A and D are attached hereto as **Exhibits "1" and "2'"** and are

15     incorporated herein by this reference. In accordance with Fed.R.Evid. 202 the Objecting

16     Secured Creditor requests that the Court take judicial notice of the contents of Exhibits **1 and 2**

17     derived from Debtors' Schedules filed under penalty of perjury.

18         The Plan and Disclosure Statement now claim that the claim of the Los Angeles County

19     Treasurer and Tax Collector in the amount of $9,841.59 is now in first priority and the plan lists

20     the Objecting Secured Creditor's claim as a second priority claim. Plan at Page 5, lines 25-28.

21     Debtor should be estopped from claiming the priority of the liens has changed without support in

22     order to escape the restriction against lien stripping a first lien on a residence imposed by 11

23     U.S.C. § 1123(b)(5).

24

1    This loan has been an escrow loan since the inception of the loan and the Objecting

2    Secured Creditor has maintained the property taxes since inception of the loan.  A true copy of

3    the Escrow Payment detail for the loan is attached to the supporting declaration of Rosalia

4    Gonzalez dated August 17, 2010 ("Gonzalez Declaration") and is incorporated herein by this

5    reference.

6    The Proof of Claim filed by the Los Angeles County Treasurer and Tax Collector as

7    claim no. 25 ("Claim 25") was filed in the amount of $9,841.59.  However, the documentation

8    attached to Claim 25 demonstrates that the claim was based on taxes that had not yet become due

9    for the period from July 1, 2009 through June 30, 2010.  As set forth in the Gonzalez Declaration

10   the Objecting Secured Creditor has continued to advance the taxes and thus there is no basis for a

11   secured claim in favor of the taxing authority in any amount.    A true copy of the Proof of Claim

12   filed as Claims no. 15 is attached hereto as **Exhibits "3"** and is incorporated herein by this

13   reference.  In accordance with Fed.R.Evid. 202 the Objecting Secured Creditor requests that the

14   Court take judicial notice of the contents of **Exhibit 3**.

15   The Plan also says that the value of the residence as of the petition date was

16   $700,000.00, so the collateral is clearly not of inconsequential value and even if the Court were

17   to find that the Objecting Secured Creditor is in second priority there would be no basis to

18   prevent it from making an election in accordance with 11 U.S.C. § 1111(b).

19   **A. THE DISCLOSURE STATEMENT DOES NOT PROVIDE ADEQUATE
     INFORMATION. 11 U.S.C. §1125 (a)(1).**

20

21   In order for a Debtor's Chapter 11 Disclosure Statement to be approved, it must comply

22   with the provisions of 11 U.S.C. §1125(a)(1) that requires that the Disclosure Statement provide:

23   "information of a kind, and in sufficient detail, as far as is reasonably practicable in light

24   of the nature and history of the debtor and the condition of the debtor's books and

1    records, that would enable a hypothetical reasonable investor typical of holders of claims

2    or interest of the relevant class to make an informed judgment about the plan…"

3    When interpreting "adequate information," the Courts have developed checklists of

4    information necessary to satisfy the requirements of section 1125 which include:

5    a. Events giving rise to the Chapter 11 filing.
     b. A description of the Debtors' assets and the values thereof.
6    c. Anticipated future of the Debtors.
     d. The present financial condition of the Debtors.
7    e. Discussion of all secured claims and their treatment under the Plan.
     f. A liquidation analysis.
8    g. Accounting principles used and reliability of experts.
     h. Qualifications of future management.
9    i. Estimates of administrative expenses.
     j. Risks to creditors under the Plan.
10   k. Feasibility analysis.
     l. Possible recovery of preferences and fraudulent conveyances.
11   m. Tax consequences of the Plan.
     n. Proposed payments and relations with affiliates.
12   o. Source of information in the Disclosure Statement.

13   (*In Re Metrocraft Publishing Service, Inc.,* 39 B.R.567 (Bankr.N.D. GA. 1984); *In Re A.C.*

14   *Williams Co.,* 25 B.R. 173 (Bankr. N.D. Oh. 1982); *In Re William F.Gable Co.,* 10 B.R. 248

15   (Bankr.N.D. W.Va. 1981)).

16        The Objecting Secured Creditor asserts that much of the above information is either not

17   provided, or if provided, is not provided in sufficient detail or with sufficient supporting

18   documentation to enable an investor to make an informed decision.

19        Debtors' Plan and Disclosure Statement do not contain even an estimate of the Debtor's

20   priority claims so there is no way to determine of the Debtor's Scheduled disposable income of

21   less than $770.00 per month and the cash on hand will be sufficient to address any allowed

22   administrative priority claims.

23

24

**B. THE PLAN DOES NOT MEET THE FULL VALUE REQUIREMENT
(11 U.S.C. § 1129 (b)(2)(A)(i)(II).**

The Plan proposes to value the 1101 Heatherside Road Property and to pay the secured claim with interest at 4.0%. It would be premature to accord even conditional approval to the disclosure statement where no valuation of the Heatherside Road Property has been established. Moreover, the secured creditor must know the priority of the claims and value before it can make an informed decision whether or not to make an election in accordance with 11 U.S.C. § 1111(b) as to its secured claim. The objecting Secured Creditor requests that it not be required to make its election in accordance with 11 U.S.C. § 1111(b) until such time as the priority of its claim and that of the taxing authority and the value of the Heatherside Road Property is established, either through litigation, or by agreement of the parties or until approval of the disclosure statement or such later time as the Court may fix. Fed.R. Bankr. P. 3014(c) provides that the election may be made prior to the conclusion of the hearing on the disclosure statement, but the Court may fix a later time. <u>Collier on Bankruptcy</u>, paragraph 1111.03, at page 1111-15 (Fifteenth Ed. (revised). Collier also notes that in order to preserve the policy underlying the creditor's election that the creditor should not be required to exercise its election prior to a valuation under 11 U.S.C. § 506(a). <u>Id.</u> paragraph 1111-03 at page 1111-31.

The proposed 4.0% interest rate does not adequately compensate the Objecting Secured Creditor for the risk inherent in the proposed Chapter 11 Plan. The Court in *In re American Home Patient, Inc.* 420 F.3d 559, held that "the market rate should be applied in Chapter 11 cases where there exists an efficient market, but that where no efficient market exists for a Chapter 11 debtor, the bankruptcy court should employ the formula approach endorsed by the *Till* court." *TILL et ux. V. SCS Credit Corp,* 301 F.3d 583 (2004) (reversed and remanded) held that a secured creditor that was subjected to a "cram-down option" was entitled a rate of interest

1    on its obligation that would 'compensate a creditor for the fact that had he received the property

2    immediately rather than at a future date, he could have immediately made use of the property".

3    "..[t]he plain language of §1325(a)(5)(B)(ii) requires a court to determine, first, the

4    allowed amount of the claim; second, what is the property to be distributed under the

5    plan; and, third, the "value, as of the effective date of the plan", of the property to be

6    distributed. This third requirement, which is at issue here, incorporates the principle of

7    the time value of money. Section 1325(a)(5)(B)(ii) request valuation of the property, not

8    valuation of the plan..."    A 4.0% interest rate for persons with limited retirement income and

9    negative monthly net income can hardly be said to provide a market rate of interest and to

10   adequately protect the interest of objecting secured creditors.

11                                CONCLUSION

12        Secured Creditor objects to approval of the Disclosure Statement as the Debtors own

13   Schedules demonstrate that the Objecting Secured Creditor is the holder of a first priority claim

14   secured by the Debtor's residence.  There is no basis for a priming lien by the taxing authority as

15   the loan has been an escrow loan since inception and the Secured Creditor has maintained the

16   taxes since the inception of the loan.  The Disclosure Statement cannot be said to impart

17   adequate information as the Plan is dependent on valuation on many of the 1101 Heatherside

18   Road Property and no valuation hearings or complaint to determine the validity, priority or

19   extend of liens has been held.  In addition, Debtor has offered no evidence to support the

20   proposed 4.0% interest rate, and a 4.0% interest rate for a Debtor with limited monthly net

21   income can hardly be said to provide a market rate of interest and to adequately protect the

22   interest of objecting secured creditors. Debtor cannot show that the plan has a reasonable

23   possibility of being confirmed within a reasonable time because the Debtor has not demonstrated

24   that she will have the means to address administrative expenses on the effective date.

1    The Objecting Secured Creditor should be deemed to be in first priority on the residence

2  so that no lien stripping is permissible in accordance with 11 U.S.C. § 1123(b)(5).  Debtor has

3  not brought a complaint to determine the validity, priority and extent of liens and there is no

4  basis in fact for a priming lien ahead of the existing claim of the Objecting Secured Creditor.

5  Debtors propose to strip down the 1101 Heatherside Road property to value on the basis of

6  alleged fair market value and the Objecting Secured Creditor has not had an opportunity to

7  obtain its own valuation.  Based upon the foregoing, it is respectfully requests that even

8  conditional approval of the Disclosure Statement be withheld and that the Court set a hearing on

9  proper notice to consider approval of a revised Disclosure Statement after the value of the 1101

10 Heatherside Road property has been determined and after Debtor submits evidence in support of

11 her proposed interest rate and fully disclose her priority debts and the means to address her

12 priority debts and her secured debts.

13    WHEREFORE, Secured Creditor prays as follows:

14 (1)    That the Court should not approve the disclosure statement on even a conditional or

15 provisional basis.

16 (2)    The confirmation of the proposed Chapter 11 Plan be denied.

17 (3)    That the time for the Objecting Secured Creditor to make any election in accordance

18 with 11 U.S.C. § 1111(b) be extended until the later of a time at least seven business days after

19 the value of the 1101 Heatherside Road property has been determined together with the priority

20 of the Objecting Secured Creditor's claim and the claim of the taxing authority or final approval

21 of a Disclosure Statement, whichever is later.

22 (4)    For dismissal of the Chapter 11 proceeding.

23 //

24    This Space Intentionally Left Blank

1    (5)        For such other relief as this Court deems proper.

2                                    MILES, BAUER, BERGSTROM & WINTERS, LLP

3    Dated:    August 17, 2010        By:    /s/ Mark T. Domeyer
                                            Richard J. Bauer, Jr., Esq.
4                                           Mark T. Domeyer
                                            Attorney for Movant
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1 | Richard J. Bauer, Jr., Esq.
California Bar No. 147314
2 | Mark T. Domeyer, Esq.
California Bar No. 135008
3 | MILES, BAUER, BERGSTROM & WINTERS, LLP
1665 Scenic Ave., Suite 200
4 | Costa Mesa, CA  92626
(714) 481-9100 / FAX (714) 481-9144
5 | File No. 10-08501
Attorneys for Secured Creditor, BAC HOME LOANS SERVICING LP

6

7

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.: LA-09-31162 EC |
| PHYLLIS R. CADDELL, | Chapter 11 |
| Debtor. | **OBJECTIONS TO ADEQUACY OF DISCLOSURE STATEMENT; REQUEST TO EXTEND TIME FOR ELECTION IN ACCORDANCE WITH 11 U.S.C. § 1111(b); REQUEST FOR JUDICIAL NOTICE IN SUPPORT; DECLARATION OF ROSALIA GONZALEZ IN SUPPORT** |
| | DATE: August 31, 2010 |
| | TIME:  3:00 p.m. |
| | PLACE:  Courtroom 1639 |
| | 255 East Temple Street |
| | Los, Angeles, CA 90012 |

**DECLARATION OF ROSALIA GONZALES**

I, ROSALIA GONZALES, declare and state as follows:

I am an employee of BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE

HOME LOANS SERVICING, LP, hereinafter "Secured Creditor", and familiar with the subject

1    first Trust Deed loan in favor of Secured Creditor herein and the ongoing Bankruptcy litigation

2    herein.

3          In my position, I function as a custodian of records of the servicing agent for the Secured

4    Creditor, and I have custody and control of the books and records maintained by my employer

5    relating to the loan transactions described below.  If called upon as a witness, I would

6    competently testify to the facts stated herein.

7          I make this Declaration based upon the information contained in the records and

8    documents which I have personally reviewed and which information I find such records and

9    documents reflect.  I state that the records and documents constitute writings taken or made in

10   the regular and ordinary course of business of my employer at or near the time of the act,

11   condition or event to which they relate.  I further state from my own knowledge that any such

12   record or documents is prepared in the ordinary course of business by a person employed by my

13   employer who had personal knowledge of the event being recorded and who had a business duty

14   to Secured Creditor to record such event.

15         The subject real property securing said first Trust Deed loan is generally described as

16   1101 Heatherside Road, Pasadena, CA 91105 ("Heatherside Road Property") and legally

17   described as set forth in the deed of trust.

18         This loan has been an escrow loan since the inception of the loan and the Objecting

19   Secured Creditor has maintained the property taxes since inception of the loan.  A true copy of

20   the Escrow Payment detail for the loan is attached hereto as **Exhibit "A"** and is incorporated

21   herein by this reference.

22         The Proof of Claim filed by the Los Angeles County Treasurer and Tax Collector as

23   claim no. 25 ("Claim 25") was filed in the amount of $9,841.59.  However, the documentation

24   attached to Claim 25 demonstrates that the claim was based on taxes that had not yet become due

1  for the period from July 1, 2009 through June 30, 2010.  The Objecting Secured Creditor has

2  continued to advance the taxes and thus there is no basis for a secured claim in favor of the

3  taxing authority in any amount.

4       I declare under penalty of perjury under the laws of the United States and the State of

5  California that the foregoing is true and correct.

6       Executed this ___16th___ day of ___August_, 2010, at Simi Valley, California.

7

            /s/ Rosalia Gonzales

8              ROSALIA GONZALES

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## PROOF OF SERVICE

I, _____Estrella P. Tan_____, certify that I am a resident of Orange County, I am over

the age of eighteen (18) and not a party to the within action, and that my business address is:

1231 E. Dyer Road, Suite 100, Santa Ana, CA 92705.

On _August 17, 2010_____, I served the within; OBJECTIONS TO

ADEQUACY OF DISCLOSURE STATEMENT; REQUEST TO EXTEND TIME FOR

ELECTION IN ACCORDANCE WITH 11 U.S.C. § 1111(b); REQUEST FOR JUDICIAL

NOTICE IN SUPPORT; DECLARATION OF ROSALIA GONZALES in Support Thereof

on all interested parties in this proceeding by placing a true and correct copy thereof enclosed

in a sealed envelope with postage pre-paid in the United States Mail at Costa Mesa,

California, addressed as follows:

| DEBTOR: | ATTORNEY FOR DEBTOR: |
|---|---|
| Phyllis Renee Caddell | Raymond H. Aver, Esquire |
| 1101 Heatherside Road | Law Offices of Raymond H. Aver |
| Pasadena, CA 91105 | 12424 Wilshire Boulevard, Suite 720 |
| | Los Angeles, CA 90025 |
| 20 Largest Unsecured Creditors | |
| No List Filed by Debtor | U.S. TRUSTEE: |
| | 725 South Figueroa Street, 26th Floor |
| | Los Angeles, CA 90017 |

I certify that I am employed in the Office of a Member of the Bar at whose direction the

Service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _August 17, 2010_____, at Costa Mesa, California.

_____/s/ Estrella P. Tan_____

09-08501

-12-

# Payment / Escrow Detail - 158499610

**Summaries**
Portfolio Summary

**Deadlines**
FHA 1st Legal

**Account Number**

158499610  Go

**Account Data**
FC Referrals
BK Referrals
POC Referrals
General
Foreclosure
Bidding Instructions
Affidavit
Reinstatement Quote
History
Document Images
Status Update

**Historical Data**
Pmt / Escrow Detail
Fees / Costs
Collection's Notes

Please select a date range From: 1/1/2006  To: 8/16/2010  Sort by Date: D

**Payment Detail 1/1/2006 to 8/16/**

| Date | Transaction Description | Amount | Principal | Interest | Escrow | La Bala |
|------|------|------|------|------|------|------|
| 7/12/2010 | Payment | $4,662.62 | ($553.37) | $3,675.60 | $832.20 | ($92 |
| 3/30/2010 | County tax pmt | ($4,920.79) | $0.00 | $0.00 | ($4,920.79) | ($92 |
| 3/17/2010 | Payment | $4,662.62 | ($644.92) | $3,767.15 | $832.20 | ($92 |
| 1/14/2010 | Payment | $4,428.45 | ($735.96) | $3,858.19 | $832.20 | ($92 |
| 1/14/2010 | Payment reversal | ($4,428.45) | $735.96 | ($3,858.19) | ($832.20) | ($92 |
| 1/14/2010 | Payment reversal | ($4,428.45) | $644.92 | ($3,767.15) | ($832.20) | ($92 |
| 1/11/2010 | Payment | $4,428.45 | ($644.92) | $3,767.15 | $832.20 | ($92 |
| 12/31/2009 | Interest on escrow | $21.46 | $0.00 | $0.00 | $21.46 | ($92 |
| 12/23/2009 | Payment | $4,428.45 | ($735.96) | $3,858.19 | $832.20 | ($92 |
| 11/27/2009 | County tax pmt | ($4,920.80) | $0.00 | $0.00 | ($4,920.80) | ($92 |
| 10/16/2009 | Payment | $4,428.45 | ($732.83) | $3,855.06 | $832.20 | ($92 |
| 10/1/2009 | Homeowners ins pmt | ($666.00) | $0.00 | $0.00 | ($666.00) | ($92 |
| 9/16/2009 | Payment | $4,428.45 | ($823.25) | $3,945.48 | $832.20 | ($92 |
| 7/31/2009 | Payment | $3,954.43 | ($1,006.52) | $4,128.75 | $832.20 | ($92 |
| 7/21/2009 | Payment | $3,919.71 | ($1,095.22) | $4,217.45 | $797.48 | ($77 |
| 6/19/2009 | Payment | $3,701.88 | ($1,493.19) | $4,397.59 | $797.48 | ($61 |
| 5/20/2009 | Payment | $3,701.88 | ($1,671.78) | $4,576.18 | $797.48 | ($47 |
| 3/24/2009 | Payment | $3,701.88 | ($1,756.03) | $4,660.43 | $797.48 | ($47 |
| 3/20/2009 | County tax pmt | ($4,587.26) | $0.00 | $0.00 | ($4,587.26) | ($32 |
| 12/31/2008 | Interest on escrow | $81.51 | $0.00 | $0.00 | $81.51 | ($32 |
| 12/8/2008 | Payment | $4,101.88 | ($1,931.98) | $4,836.38 | $797.48 | ($32 |
| 11/28/2008 | County tax pmt | ($4,587.26) | $0.00 | $0.00 | ($4,587.26) | ($58 |
| 10/6/2008 | Homeowners ins pmt | ($606.00) | $0.00 | $0.00 | ($606.00) | ($58 |
| 9/29/2008 | Payment | $3,701.88 | ($2,106.15) | $5,010.55 | $797.48 | ($58 |
| 9/4/2008 | Payment | $3,701.88 | ($2,186.41) | $5,090.81 | $797.48 | ($58 |
| 7/28/2008 | Payment | $3,701.88 | ($2,357.53) | $5,261.93 | $797.48 | ($43 |
| 6/27/2008 | Payment | $3,701.88 | ($2,526.63) | $5,431.03 | $797.48 | ($29 |
| 5/19/2008 | Payment | $3,701.88 | ($2,784.80) | $5,689.20 | $797.48 | ($29 |
| 4/16/2008 | Payment | $3,701.88 | ($2,948.67) | $5,853.07 | $797.48 | ($14 |
| 3/31/2008 | County tax pmt | ($4,462.42) | $0.00 | $0.00 | ($4,462.42) | ($14 |
| 3/31/2008 | Payment | $3,834.96 | ($3,019.68) | $5,924.08 | $785.34 | ($14 |
| 2/19/2008 | Payment | $3,689.74 | ($3,089.58) | $5,993.98 | $785.34 | ($14 |
| 1/14/2008 | Payment | $3,487.11 | ($3,359.58) | $6,061.35 | $785.34 | |
| 12/31/2007 | Interest on escrow | $59.65 | $0.00 | $0.00 | $59.65 | |
| 12/13/2007 | Payment | $3,487.11 | ($3,425.78) | $6,127.55 | $785.34 | |
| 11/28/2007 | County tax pmt | ($4,462.42) | $0.00 | $0.00 | ($4,462.42) | |

**EXHIBIT A**

| 11/15/2007 | Payment | $3,487.11 | ($3,401.68) | $6,103.45 | $785.34 |
| 10/15/2007 | Payment | $3,487.11 | ($3,466.52) | $6,168.29 | $785.34 |
| 10/11/2007 | Homeowners ins pmt | ($594.00) | $0.00 | $0.00 | ($594.00) |
| 9/14/2007 | Payment | $3,487.11 | ($3,441.79) | $6,143.56 | $785.34 |
| 8/15/2007 | Payment | $3,487.11 | ($3,417.22) | $6,118.99 | $785.34 |
| 8/3/2007 | Overage refund | ($212.59) | $0.00 | $0.00 | ($212.59) |
| 7/13/2007 | Payment | $3,487.11 | ($3,392.84) | $6,094.61 | $785.34 |
| 6/25/2007 | Payment | $7,015.04 | $0.00 | $6,094.61 | $785.34 |
| 6/19/2007 | Payment reversal | ($6,879.95) | $0.00 | ($6,094.61) | ($785.34) |
| 6/15/2007 | Payment | $6,879.95 | $0.00 | $6,094.61 | $785.34 |
| 6/6/2007 | Misc posting | $33.82 | $0.00 | $0.00 | $33.82 |
| 5/31/2007 | Init. Escrow Deposit | $3,313.85 | $0.00 | $0.00 | $3,313.85 |

Bank of America, N.A. Member FDIC. Bank of America, N.A. and BAC Home Loans Servicing, LP, a su
Lenders. ☎ © 2010 Bank of America Corporation. Trademarks are the property of Bank of America

EXHIBIT A

B6A (Official Form 6A) (12/07)

IN RE **Caddell, Phyllis Renee** _____    Case No. **LA09-31162-EC** _____
                             Debtor(s)                                                                   (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Debtor's residence located at 1101 Heatherside Road Pasadena, CA 91105** | **100% Fee Simple** | | **880,000.00** | **1,072,832.00** |
| | | TOTAL | **880,000.00** | |

                                      (Report also on Summary of Schedules)

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**EXHIBIT** /

B6D (Official Form 6D) (12/07)

IN RE **Caddell, Phyllis Renee**                                          Case No. **LA09-31162-EC**
_____                                    _____
Debtor(s)                                                                        (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **9610** <br> **Bank of America Home Loans /Countrywide** <br> **450 American Street** <br> **Simi Valley, CA 93065** | | | **Account opened 12/06/2006. 1st Trust Deed on debtor's residence located at 1101 Heatherside Road, Pasadena, CA 91105** <br><br> VALUE $ **880,000.00** | | | | **898,230.00** | **192,832.00** |
| ACCOUNT NO. **7858** <br> **EMC Mortgage** <br> **800 State Highway 121 By** <br> **Lewisville, TX 75067** | | | **Account opened 12/06/2006. 2nd Trust Deed on debtor's residence located at 1101 Heatherside Road, Pasadena, CA 91105** <br><br> VALUE $ **880,000.00** | | | | **174,602.00** | |
| ACCOUNT NO. | | | <br><br> VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br> VALUE $ | | | | | |

**0** continuation sheets attached

|  | Subtotal (Total of this page) | $ **1,072,832.00** | $ **192,832.00** |
|---|---|---|---|
|  | Total (Use only on last page) | $ **1,072,832.00** | $ **192,832.00** |
|  |  | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**EXHIBIT** 2

16

ORIGINAL

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT | Central District of California | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: <br> Caddell, Phyllis Renee | Case Number: <br> 09-31162-EC (Ch # 11) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): <br> Los Angeles County Treasurer and Tax Collector | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent: <br><br> Los Angeles County Treasurer and Tax Collector <br> PO Box 54110, Los Angeles, CA 90054-0110 <br><br> Telephone number: <br> (213) 974-7803 | FILED <br> DEC 07 2009 <br> BANKRUPTCY COURT <br> CENTRAL DISTRICT OF CALIFORNIA <br><br> Court Claim Number: _____ <br> *(If known)* <br><br> Filed on: _____ |

| Name and address where payment should be sent (if different from above): <br><br><br> Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. <br><br> ☐ Check this box if you are the debtor or trustee in this case. |
|---|---|

| 1. Amount of Claim as of Date Case Filed:    $           9,841.59 <br><br> If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. <br><br> If all or part of your claim is entitled to priority, complete item 5. <br><br> ☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | 5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.** <br><br> Specify the priority of the claim. <br><br> ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B) |
|---|---|
| **2. Basis for Claim:**   Property Taxes <br> (See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4) |
| **3.** Last four digits of any number by which creditor identifies debtor:   2009 <br><br> **3a.** Debtor may have scheduled account as:   5707-011-016 <br> (See instruction #3a on reverse side.) | |
| **4. Secured Claim** (See instruction #4 on reverse side.) <br> Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. <br><br> Nature of property or right of setoff:  ☑ Real Estate  ☐ Motor Vehicle  ☐ Other <br> Describe: <br><br> Value of Property:$   822,646.00   Annual Interest Rate____% <br><br> Amount of arrearage and other charges as of time case filed included in secured claim, <br><br> if any: $ _____   Basis for perfection: _____ <br><br> Amount of Secured Claim: $     9,841.59   Amount Unsecured: $ _____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). <br><br> ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7). <br><br> ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)* <br><br> DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. <br><br> If the documents are not available, please explain: | **Amount entitled to priority:** <br><br> $ _____ <br><br> *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date: <br> 12/03/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. <br><br> Man-Ling Kuo, Tax Services Clerk I | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT   3

# DECLARATION OF SERVICE OF MAIL

**STATE OF CALIFORNIA,** County of Los Angeles:

**Man-Ling Kuo** states: I am and at all times herein mentioned have been a citizen of the United States and a resident of the County of Los Angeles, over the age of eighteen years and not a party to nor interested in the within action; that my business address is 122 Kenneth Hahn Hall of Administration, City of Los Angeles, County of Los Angeles, State of California; that I am readily familiar with the business practice of the Los Angeles County Treasurer and Tax Collector for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence would be deposited within the United States Postal Service that same day in the ordinary course of business;

That on the 3rd **day** of **December, 2009,** I served the attached **PROOF OF CLAIM** upon Interested Party (ies) by depositing copies thereof, enclosed in a sealed envelope and placed for collection and mailing on that date following ordinary business practices in the United States Postal Service, addressed as follows:

Debtor or Debtor's Attorney

    Raymond H Aver
    Law Offices of Raymond H Aver APC
    12424 Wilshire Blvd., Ste 7201
    Los Angeles, CA 90025

Chapter 7 or 13 Standing Attorney

    N/A

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd **day** of **December, 2009,** at Los Angeles, California.

                Man-Ling Kuo

**EXHIBIT** 3

# SUBSTITUTE SECURED PROPERTY TAX BILL

JULY 1, 2009 TO JUNE 30, 2010

CRT: R#14
E538947

PLEASE MAKE CHECK PAYABLE TO:
**LOS ANGELES COUNTY TAX COLLECTOR**
225 North Hill Street, Los Angeles, California 90012

5707 011 016
CADDELL, PHYLLIS
120 N ORANGE GROVE BLVD
PASADENA CA 91103-3532

ELECTRONIC FUND TRANSFER NUMBER
ID#:19 5707 011 016 3 YR:09 SEQ:0001

| ASSESSOR'S ID. NO. | | | | | 1ST INSTALLMENT 10% Penalty After 12 10 09 | 2ND INSTALLMENT 10% Penalty + $10.00 Cost After 04 10 10 | TOTAL TAX Penalties Apply When Shown |
|---|---|---|---|---|---|---|---|
| Map Book | Page | Parcel | Year | Seq. No. | | | |
| TAX | | | | | 4920 80 | 4920 79 | 9841 59 |
| PENALTY | | | | | | | |
| TOTAL | | | | | | | |
| NET PD/REF | | | | | | | |
| DUE | | | | | | | |

| ROLL YEAR | CURRENT ASSESSED VALUE | PRIOR ASSESSED VALUE | TAXABLE VALUE |
|---|---|---|---|
| LAND | 658118 | | 658118 |
| IMPROVEMENTS | 164528 | | 164528 |
| FIXTURES | | | |
| | | | |
| | | TOTAL | 822646 |
| AUTH. NO.: 000153 LC | | LESS EXEMPTION | |
| PRINT DATE: 12 02 09 | | NET TAXABLE VALUE | 822646 |

There will be a $ 50.00 service charge for any check returned by the bank for any reason.

YOUR CANCELLED CHECK IS YOUR RECEIPT
KEEP THIS UPPER PORTION
FOR YOUR RECORDS

ANNUAL



CADDELL, PHYLLIS
120 N ORANGE GROVE BLVD
PASADENA CA 91103-3532

000153 LC

| USE THESE NUMBERS ON ALL CHECKS AND CORRESPONDENCE | | | | | |
|---|---|---|---|---|---|
| ASSESSOR'S ID. NO. | | | | | Pay Key |
| Map Book | Page | Parcel | Year | Seq. No. | 2 |
| 2ND INSTALLMENT | | | INDICATE AMOUNT PAID | | |
| 4920 79 | | | | | |

PAY THIS
AMOUNT BY:   04 10 10

01412

If not paid by add penalty and cost   04 10 10
of to 2nd Installment   502 07

for a total of   5422 86

CRT: R#14
E538947

LOS ANGELES COUNTY TAX COLLECTOR
P.O. BOX 54018
LOS ANGELES, CA   90054-0018

**2**

1000900015707011016000049207900005422864122041 2

---

**DETACH AND MAIL THIS STUB WITH 2ND INSTALLMENT PAYMENT**

ANNUAL



CADDELL, PHYLLIS
120 N ORANGE GROVE BLVD
PASADENA CA 91103-3532

000153 LC

| USE THESE NUMBERS ON ALL CHECKS AND CORRESPONDENCE | | | | | |
|---|---|---|---|---|---|
| ASSESSOR'S ID. NO. | | | | | Pay Key |
| Map Book | Page | Parcel | Year | Seq. No. | 1 |
| 1ST INSTALLMENT | | | INDICATE AMOUNT PAID | | |
| 4920 80 | | | | | |

PAY THIS
AMOUNT BY:   12 10 09

51404

If not paid by add penalty and cost   12 10 09
of to 1st Installment   492 08

for a total of   5412 88

CRT: R#14
E538947

LOS ANGELES COUNTY TAX COLLECTOR
P.O. BOX 54018
LOS ANGELES, CA   90054-0018

**1**  X

0950900015707011016000049208000005412884041121 0

765P83 (REV 5/08)

DETACH AND MAIL THIS STUB WITH 1ST INSTALLMENT PAYMENT

**EXHIBIT** 3

# Central District Of California
# Claims Register

### 2:09-bk-31162-EC Phyllis Renee Caddell Converted 10/19/2009

| | |
|---|---|
| **Judge:** Ellen Carroll | **Chapter:** 11 |
| **Office:** Los Angeles | **Last Date to file claims:** |
| **Trustee:** | **Last Date to file (Govt):** 04/19/2010 |

| Creditor:    (24606475) <br> BMW BANK OF NORTH AMERICA <br> PO Box 23356 <br> Pittsburgh, PA 15222 | **Claim No: 1** <br> *Original Filed* <br> *Date:* 08/28/2009 <br> *Original Entered* <br> *Date:* 09/12/2009 | *Status:* <br> *Filed by:* CR <br> *Entered by:* Moody, Valerie <br> *Modified:* |
|---|---|---|

| Unknown claimed: $15282.64 | |
|---|---|
| **Total    claimed: $15282.64** | |

| *History:* |
|---|
| Details    1-1   08/28/2009 Claim #1 filed by BMW BANK OF NORTH AMERICA, total amount claimed: $15282.64 <br>       (Moody, Valerie ) |
| *Description:* |
| *Remarks:* |

| Creditor:    (24613326) <br> BAC Home Loans Servicing, LP fka <br> Countrywide Home <br> 1665 Scenic Avenue. Suite 200 <br> Costa Mesa, CA 92626 | **Claim No: 2** <br> *Original Filed* <br> *Date:* 09/14/2009 <br> *Original Entered* <br> *Date:* 09/14/2009 | *Status:* <br> *Filed by:* CR <br> *Entered by:* Tokarz, Matthew <br> *Modified:* |
|---|---|---|

| Secured claimed: $918769.99 | |
|---|---|
| **Total    claimed: $918769.99** | |

| *History:* |
|---|
| Details    2-1   09/14/2009 Claim #2 filed by BAC Home Loans Servicing, LP fka Countrywide Home, total amount <br>       claimed: $918769.99 (Tokarz, Matthew ) |
| *Description:* |
| *Remarks:* |

| Creditor:    (24646915) <br> American Express Centurion Bank <br> POB 3001 <br> Malvern, PA 19355-0701 | **Claim No: 3** <br> *Original Filed* <br> *Date:* 09/18/2009 <br> *Original Entered* <br> *Date:* 09/18/2009 | *Status:* <br> *Filed by:* CR <br> *Entered by:* Lee 1, Thomas <br> *Modified:* |
|---|---|---|

| Unsecured claimed: $37062.05 | |
|---|---|
| **Total    claimed: $37062.05** | |

| *History:* |
|---|

**EXHIBIT** 3

| | | |
|---|---|---|
| Details | 3-1 09/18/2009 Claim #3 filed by American Express Centurion Bank, total amount claimed: $37062.05 (Lee 1, Thomas ) | |

Description: (3-1) CREDIT CARD DEBT

Remarks:

---

| Creditor: (24646916)<br>American Express Bank, FSB<br>POB 3001<br>Malvern, PA 19355-0701 | Claim No: 4<br>Original Filed<br>Date: 09/18/2009<br>Original Entered<br>Date: 09/18/2009 | Status:<br>Filed by: CR<br>Entered by: Lee 1, Thomas<br>Modified: |
|---|---|---|

Unsecured claimed: $9762.45

**Total    claimed: $9762.45**

History:
Details    4-1 09/18/2009 Claim #4 filed by American Express Bank, FSB, total amount claimed: $9762.45 (Lee 1, Thomas )

Description: (4-1) CREDIT CARD DEBT

Remarks:

---

| Creditor: (24646994)<br>American Express Bank, FSB<br>POB 3001<br>Malvern, PA 19355-0701 | Claim No: 5<br>Original Filed<br>Date: 09/18/2009<br>Original Entered<br>Date: 09/18/2009 | Status:<br>Filed by: CR<br>Entered by: Lee 1, Thomas<br>Modified: |
|---|---|---|

Unsecured claimed: $13162.87

**Total    claimed: $13162.87**

History:
Details    5-1 09/18/2009 Claim #5 filed by American Express Bank, FSB, total amount claimed: $13162.87 (Lee 1, Thomas )

Description: (5-1) CREDIT CARD DEBT

Remarks:

---

| Creditor: (24657670) History<br>Bank of America, Nation Association<br>c/o EMC Mortgage Corporation<br>P.O. Box 17933<br>4375 Jutland Dr., Suite 200<br>San Diego, CA 92177-0933 | Claim No: 6<br>Original Filed<br>Date: 09/20/2009<br>Original Entered<br>Date: 09/20/2009<br>Last Amendment<br>Filed: 04/12/2010<br>Last Amendment<br>Entered: 04/12/2010 | Status:<br>Filed by: CR<br>Entered by: McDermott, Christopher<br>Modified: |
|---|---|---|

Secured claimed: $175398.16

**Total    claimed: $175398.16**

History:
Details    6-1 09/20/2009 Claim #6 filed by Bank of America, Nation Association, total amount claimed: $178106.24

EXHIBIT    3

(McDermott, Christopher )

| Details | 6-2 | 04/12/2010 Amended Claim #6 filed by Bank of America, Nation Association, total amount claimed: $175398.16 (Testan, Eric ) |

Description: (6-2) Loan No. ******7858

Remarks:

| Creditor:  (24660761)<br>AMERICAN INFOSOURCE LP AS<br>AGENT FOR<br>FIA CARD SERVICES, NA/BANK OF<br>AMERICA<br>PO Box 248809<br>Oklahoma City, OK 73124-8809 | Claim No: 7<br>Original Filed<br>Date: 09/21/2009<br>Original Entered<br>Date: 09/21/2009 | Status:<br>Filed by: CR<br>Entered by: Hogan, Blake<br>Modified: |

Unsecured claimed: $14709.00

**Total    claimed: $14709.00**

History:

| Details | 7-1 | 09/21/2009 Claim #7 filed by AMERICAN INFOSOURCE LP AS AGENT FOR, total amount claimed: $14709 (Hogan, Blake ) |

Description:

Remarks:

| Creditor:  (25506710)<br>National Capital Management, LLC.<br>8245 Tournament Drive<br>Suite 230<br>Memphis, TN 38125<br>USA    Claimant History | Claim No: 8<br>Original Filed<br>Date: 09/21/2009<br>Original Entered<br>Date: 09/21/2009 | Status: Transferred 37<br>Filed by: CR<br>Entered by: Hogan, Blake<br>Modified: |

Unsecured claimed: $19743.47

**Total    claimed: $19743.47**

History:

| Details | 8-1 | 09/21/2009 Claim #8 filed by AMERICAN INFOSOURCE LP AS AGENT FOR, total amount claimed: $19743.47 (Hogan, Blake ) |
| | 37 | 01/21/2010 Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: AMERICAN INFOSOURCE LP AS AGENT FOR (Claim No. 8) To National Capital Management, LLC. Filed by Creditor National Capital Management, LLC. (Wall, Christopher) Status: Transferred |

Description:

Remarks:

| Creditor:  (24677016)<br>Nordstrom fsb<br>Po Box 6566<br>Englewood, CO 80155 | Claim No: 9<br>Original Filed<br>Date: 09/03/2009<br>Original Entered<br>Date: 09/22/2009 | Status:<br>Filed by: CR<br>Entered by: Jarquin, Jacqueline<br>Modified: |

Unknown claimed: $895.58

**Total    claimed: $895.58**

EXHIBIT 3

*History:*

Details   9-1  09/03/2009 Claim #9 filed by Nordstrom fsb, total amount claimed: $895.58 (Jarquin, Jacqueline )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*     (24799045)<br>PRA Receivables Management, LLC<br>As Agent Of Portfolio Recovery Assocs.<br>c/o Citibank<br>POB 41067<br>NORFOLK VA 23541 | **Claim No: 10**<br>*Original Filed<br>Date:* 10/08/2009<br>*Original Entered<br>Date:* 10/08/2009 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Garcia, Dolores<br>*Modified:* |

  Unsecured claimed: $10016.84

**Total**      claimed: **$10016.84**

*History:*

Details   10-1  10/08/2009 Claim #10 filed by PRA Receivables Management, LLC, total amount claimed: $10016.84
                (Garcia, Dolores )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*     (24800325)<br>Palisades Acquisition XVIII LLC<br>Vativ Recovery Solutions LLC<br>c/o Palisades Acquisition XVIII LLC<br>P.O. Box 19249<br>Sugar Land, TX 77496 | **Claim No: 11**<br>*Original Filed<br>Date:* 10/09/2009<br>*Original Entered<br>Date:* 10/09/2009 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Neaves, Thomas<br>*Modified:* |

  Unsecured claimed: $11594.64

**Total**      claimed: **$11594.64**

*History:*

Details   11-1  10/09/2009 Claim #11 filed by Palisades Acquisition XVIII LLC, total amount claimed: $11594.64
                (Neaves, Thomas )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*     (24800325)<br>Palisades Acquisition XVIII LLC<br>Vativ Recovery Solutions LLC<br>c/o Palisades Acquisition XVIII LLC<br>P.O. Box 19249<br>Sugar Land, TX 77496 | **Claim No: 12**<br>*Original Filed<br>Date:* 10/12/2009<br>*Original Entered<br>Date:* 10/12/2009 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Neaves, Thomas<br>*Modified:* |

  Unsecured claimed: $1253.85

**Total**      claimed: **$1253.85**

*History:*

Details   12-1  10/12/2009 Claim #12 filed by Palisades Acquisition XVIII LLC, total amount claimed: $1253.85
                (Neaves, Thomas )

*Description:*

**EXHIBIT**   3

*Remarks:*

| *Creditor:*   (24777315)<br>INTERNAL REVENUE SERVICE<br>P.O. BOX 21126<br>Philadelphia, PA 19114 | **Claim No: 13**<br>*Original Filed<br>Date:* 10/23/2009<br>*Original Entered<br>Date:* 10/23/2009<br>*Last Amendment<br>Filed:* 11/13/2009<br>*Last Amendment<br>Entered:* 11/13/2009 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Brown, Carolyn<br>*Modified:* |

| Unsecured claimed: $17848.55 |
| Secured   claimed:    $0.00 |
| Priority   claimed: $16485.79 |
| **Total   claimed: $34334.34** |

*History:*

| Details | 13-1 | 10/23/2009 Claim #13 filed by INTERNAL REVENUE SERVICE, total amount claimed: $42606.34 (Brown, Carolyn ) |
| Details | 13-2 | 11/13/2009 Amended Claim #13 filed by INTERNAL REVENUE SERVICE, total amount claimed: $34334.34 (Brown, Carolyn ) |

*Description:*

*Remarks:*

| *Creditor:*   (24677016)<br>Nordstrom fsb<br>Po Box 6566<br>Englewood, CO 80155 | **Claim No: 14**<br>*Original Filed<br>Date:* 10/28/2009<br>*Original Entered<br>Date:* 10/28/2009 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Mares, Jeanette<br>*Modified:* |

| Unsecured claimed: $895.58 |
| **Total   claimed: $895.58** |

*History:*

| Details | 14-1 | 10/28/2009 Claim #14 filed by Nordstrom fsb, total amount claimed: $895.58 (Mares, Jeanette ) |

*Description:*

*Remarks:*

| *Creditor:*   (24937388)<br>American Express Centurion Bank<br>POB 3001<br>Malvern, PA 19355-0701 | **Claim No: 15**<br>*Original Filed<br>Date:* 10/29/2009<br>*Original Entered<br>Date:* 10/29/2009 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Lee 1, Thomas<br>*Modified:* |

| Unsecured claimed: $37062.05 |
| **Total   claimed: $37062.05** |

*History:*

| Details | 15-1 | 10/29/2009 Claim #15 filed by American Express Centurion Bank, total amount claimed: $37062.05 (Lee |

**EXHIBIT   3**

| | | |
|---|---|---|
| 1, Thomas ) | | |

**Description:** (15-1) CREDIT CARD DEBT

**Remarks:**

---

| **Creditor:** (24937389)<br>American Express Bank, FSB<br>POB 3001<br>Malvern, PA 19355-0701 | **Claim No: 16**<br>*Original Filed*<br>*Date:* 10/29/2009<br>*Original Entered*<br>*Date:* 10/29/2009 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Lee 1, Thomas<br>*Modified:* |
|---|---|---|

| Unsecured claimed: $9762.45 |
|---|
| **Total** claimed: **$9762.45** |

*History:*

Details  16-1  10/29/2009 Claim #16 filed by American Express Bank, FSB, total amount claimed: $9762.45 (Lee 1, Thomas )

**Description:** (16-1) CREDIT CARD DEBT

**Remarks:**

---

| **Creditor:** (24937390)<br>American Express Bank, FSB<br>POB 3001<br>Malvern, PA 19355-0701 | **Claim No: 17**<br>*Original Filed*<br>*Date:* 10/29/2009<br>*Original Entered*<br>*Date:* 10/29/2009 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Lee 1, Thomas<br>*Modified:* |
|---|---|---|

| Unsecured claimed: $13162.87 |
|---|
| **Total** claimed: **$13162.87** |

*History:*

Details  17-1  10/29/2009 Claim #17 filed by American Express Bank, FSB, total amount claimed: $13162.87 (Lee 1, Thomas )

**Description:** (17-1) CREDIT CARD DEBT

**Remarks:**

---

| **Creditor:** (24992940)<br>FIA CARD SERVICES, NA/BANK OF<br>AMERICA<br>BY AMERICAN INFOSOURCE LP AS ITS<br>AGENT<br>PO Box 248809<br>Oklahoma City, OK 73124-8809 | **Claim No: 18**<br>*Original Filed*<br>*Date:* 11/05/2009<br>*Original Entered*<br>*Date:* 11/05/2009 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Hogan, Blake<br>*Modified:* |
|---|---|---|

| Unsecured claimed: $6337.26 |
|---|
| **Total** claimed: **$6337.26** |

*History:*

Details  18-1  11/05/2009 Claim #18 filed by FIA CARD SERVICES, NA/BANK OF AMERICA, total amount claimed: $6337.26 (Hogan, Blake )

**Description:**

EXHIBIT   3

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*  (24992940)<br>FIA CARD SERVICES, NA/BANK OF AMERICA<br>BY AMERICAN INFOSOURCE LP AS ITS AGENT<br>PO Box 248809<br>Oklahoma City, OK 73124-8809 | **Claim No: 19**<br>*Original Filed*<br>*Date:* 11/05/2009<br>*Original Entered*<br>*Date:* 11/05/2009 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Hogan, Blake<br>*Modified:* |

Unsecured claimed: $19545.55

**Total     claimed: $19545.55**

*History:*

Details   19-1  11/05/2009 Claim #19 filed by FIA CARD SERVICES, NA/BANK OF AMERICA, total amount claimed: $19545.55 (Hogan, Blake )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*  (24992940)<br>FIA CARD SERVICES, NA/BANK OF AMERICA<br>BY AMERICAN INFOSOURCE LP AS ITS AGENT<br>PO Box 248809<br>Oklahoma City, OK 73124-8809 | **Claim No: 20**<br>*Original Filed*<br>*Date:* 11/05/2009<br>*Original Entered*<br>*Date:* 11/05/2009 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Hogan, Blake<br>*Modified:* |

Unsecured claimed: $14466.51

**Total     claimed: $14466.51**

*History:*

Details   20-1  11/05/2009 Claim #20 filed by FIA CARD SERVICES, NA/BANK OF AMERICA, total amount claimed: $14466.51 (Hogan, Blake )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*  (25011553)<br>FRANCHISE TAX BOARD<br>Bankruptcy Section MS A340<br>PO BOX 2952<br>SACARAMENTO CA 95812-2952 | **Claim No: 21**<br>*Original Filed*<br>*Date:* 10/05/2009<br>*Original Entered*<br>*Date:* 11/07/2009 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Banderas, Cynthia<br>*Modified:* |

Unsecured claimed: $202.44

**Total     claimed: $202.44**

*History:*

Details   21-1  10/05/2009 Claim #21 filed by FRANCHISE TAX BOARD, total amount claimed: $202.44 (Banderas, Cynthia )

*Description:*

*Remarks:*

**EXHIBIT** 3

| Creditor:    (25417235)<br>Portfolio Recovery Associates, LLC<br>P.O. Box 41067<br>Norfolk, VA 23541    Claimant History | Claim No: 22<br>Original Filed<br>Date: 11/16/2009<br>Original Entered<br>Date: 11/16/2009<br>Last Amendment<br>Filed: 11/25/2009<br>Last Amendment<br>Entered: 11/25/2009 | Status: Transferred 34<br>Filed by: CR<br>Entered by: Garcia, Dolores<br>Modified: |
|---|---|---|

| Unsecured claimed: $6337.26 | | |
|---|---|---|
| **Total    claimed: $6337.26** | | |

| History: |
|---|
| Details  22-<br>          1    11/16/2009 Claim #22 filed by FIA Card Services, N.A AKA Bank of America, total amount claimed: $5497 (Garcia, Dolores ) |
| Details  22-<br>          2    11/25/2009 Amended Claim #22 filed by FIA Card Services, N.A AKA Bank of America, total amount claimed: $6337.26 (Garcia, Dolores ) |
|          34    01/06/2010 Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: FIA Card Services, N.A AKA Bank of America (Claim No. 22) To Portfolio Recovery Associates, LLC Filed by Creditor PRA Receivables Management LLC. (Garcia, Dolores) Status: Transferred |

| Description: |
|---|
| Remarks: |

| Creditor:    (25118640)    History<br>BMW Financial Services<br>Po Box 3608<br>Dublin, OH 43016 | Claim No: 23<br>Original Filed<br>Date: 10/30/2009<br>Original Entered<br>Date: 11/24/2009 | Status:<br>Filed by: CR<br>Entered by: Jarquin, Jacqueline<br>Modified: |
|---|---|---|

| Unknown claimed: $27315.19 | | |
|---|---|---|
| **Total    claimed: $27315.19** | | |

| History: |
|---|
| Details    23-1  10/30/2009 Claim #23 filed by BMW Financial Services, total amount claimed: $27315.19 (Jarquin, Jacqueline ) |

| Description: |
|---|
| Remarks: |

| Creditor:    (25235218)<br>FIA Card Services NA aka Bank of America<br>c/o B-Line, LLC<br>MS 550<br>PO Box 91121<br>Seattle, WA 98111-9221 | Claim No: 24<br>Original Filed<br>Date: 12/09/2009<br>Original Entered<br>Date: 12/09/2009 | Status:<br>Filed by: CR<br>Entered by: Tran, Linh<br>Modified: |
|---|---|---|

| Unsecured claimed: $19545.55 | | |
|---|---|---|
| **Total    claimed: $19545.55** | | |

| History: |
|---|
| Details    24-1  12/09/2009 Claim #24 filed by FIA Card Services NA aka Bank of America, total amount claimed: $19545.55 (Tran, Linh ) |

| Description: |
|---|

**EXHIBIT** 3

| Remarks: |
| --- |

| Creditor:       (25452153)<br>LOS ANGELES COUNTY TREASURER<br>& TAX COLLECTOR<br>PO BOX 54110<br>LOS ANGELES, CA 90054-0110 | Claim No: 25<br>Original Filed<br>Date: 12/07/2009<br>Original Entered<br>Date: 01/12/2010 | Status:<br>Filed by: CR<br>Entered by: Jarquin, Jacqueline<br>Modified: |
| --- | --- | --- |

| Secured claimed:  $9841.59 |
| --- |
| **Total     claimed: $9841.59** |

| History: |
| --- |
| Details   25-1  12/07/2009 Claim #25 filed by LOS ANGELES COUNTY TREASURER, total amount claimed: $9841.59 (Jarquin, Jacqueline ) |

| Description: |
| --- |

| Remarks: |
| --- |


| Creditor:       (25453475)<br>Bank of America NA<br>Loss/ Recovery<br>800 Market St<br>St Louise MO 63102 | Claim No: 26<br>Original Filed<br>Date: 12/07/2009<br>Original Entered<br>Date: 01/12/2010 | Status:<br>Filed by: CR<br>Entered by: Jarquin, Jacqueline<br>Modified: |
| --- | --- | --- |

| Unsecured claimed: $1244.03 |
| --- |
| **Total     claimed: $1244.03** |

| History: |
| --- |
| Details   26-1  12/07/2009 Claim #26 filed by Bank of America NA, total amount claimed: $1244.03 (Jarquin, Jacqueline ) |

| Description: |
| --- |

| Remarks: |
| --- |


| Creditor:       (25467351)<br>Verizon Wireless<br>P O Box 3397<br>Bloomington IL 61702 | Claim No: 27<br>Original Filed<br>Date: 12/14/2009<br>Original Entered<br>Date: 01/14/2010 | Status:<br>Filed by: CR<br>Entered by: Lazarte, Val Phillip<br>Modified: |
| --- | --- | --- |

| Unknown claimed: $1125.31 |
| --- |
| **Total     claimed: $1125.31** |

| History: |
| --- |
| Details   27-1  12/14/2009 Claim #27 filed by Verizon Wireless, total amount claimed: $1125.31 (Lazarte, Val Phillip ) |

| Description: |
| --- |

| Remarks: |
| --- |

## Claims Register Summary

**EXHIBIT**   3

**Case Name:** Phyllis Renee Caddell
**Case Number:** 2:09-bk-31162-EC
**Chapter:** 11
**Date Filed:** 08/11/2009
**Total Number Of Claims:** 27

|  | Total Amount Claimed | Total Amount Allowed |
|---|---|---|
| **Unsecured** | $263715.27 | |
| **Secured** | $1104009.74 | |
| **Priority** | $16485.79 | |
| **Unknown** | $44618.72 | |
| **Administrative** | | |
| **Total** | $1428829.52 | $0.00 |

EXHIBIT 3