1 | RAYMOND H. AVER - State Bar No. 109577
LAW OFFICES OF RAYMOND H. AVER
2 | A Professional Corporation
1950 Sawtelle Boulevard, Suite 328
3 | Los Angeles, California 90025
Telephone: (310) 473-3511
4 | Facsimile: (310) 473-3512

5 | Attorneys for
PHYLLIS R. CADDELL
6 | Debtor and Debtor in Possession

7

8                  UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA [LOS ANGELES DIVISION]

10

11 | In re:                              )   Case No. 2:09-bk-31162-EC
                                        )
12 | PHYLLIS R. CADDELL,                 )   Chapter 11
                                        )
13 |                                     )   REDLINE VERSION OF "SECOND
                                        )   AMENDED PLAN OF REORGANIZATION"
14 |         Debtor.                     )
                                        )
15 |                                     )
                                        )
16 |                                     )   Plan Confirmation Hearing:
                                        )
17 |                                     )   Date:  [To Be Scheduled]
                                        )   Time:
18 |                                     )   Place: Courtroom 1639
                                        )          Roybal Federal Building
19 |                                     )          255 East Temple Street
                                        )          Los Angeles, California
20 |                                     )
21 | _____)

22

23

24

25

26

27

28

Law Offices
Of Raymond
H. Aver, APC

*REDLINED VERSION OF AMENDED PLAN OF REORGANIZATION*

Page 1

```
 1  RAYMOND H. AVER - State Bar No. 109577
    LAW OFFICES OF RAYMOND H. AVER
 2  A Professional Corporation
    12424 Wilshire 1950 Sawtelle Boulevard, Suite 720 328
 3  Los Angeles, California 90025
    Telephone: (310) 571-3511 473-3511
 4  Facsimile: (310) 571-3512 473-3512

 5  Attorneys for
    PHYLLIS R. CADDELL
 6  Debtor and Debtor in Possession

 7

 8  In re:                                    )  Case No. LA 09-31162 EC
                                               )
 9  PHYLLIS R. CADDELL,                        )  Chapter 11
                                               )
10                                             )  SECOND AMENDED PLAN OF
                                               )  REORGANIZATION
11          Debtor.                            )
                                               )
12                                             )
                                               )  Disclosure Statement and
13                                             )  Plan Confirmation Hearing:
                                               )
14                                             )
                                               )  Date: [To Be Scheduled]
15                                             )  Time:
                                               )  Place: Courtroom 1639
16  _____   )         Roybal Federal Building
                                                        255 East Temple Street
17                                                      Los Angeles, California
```

This Amended Plan Of Reorganization ("Plan") under chapter 11 of Title 11 of the United States Code 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code") provides for the restructuring of the debts of Phyllis R. Caddell ("Debtor" or "Caddell") the debtor in this bankruptcy case. If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim, accept the Plan, object to confirmation, or have their claims allowed. All creditors should refer to Articles I-IV of this Plan for the precise treatment of their claims. A disclosure statement ("Disclosure Statement") that provides additional information is being circulated with this Plan. The Disclosure Statement is explanatory

only; the language used in the Plan is binding.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.**

## Article I

### Classification and Treatment of Claims

<u>Class 1:  Priority Claims</u>.

This class includes allowed claims entitled to priority under § 507 of the Bankruptcy Code (except administrative claims under § 507(a)(2) and priority tax claims under § 507(a)(8), which are treated in Article II).

__X__  **Debtor has no creditors in Class 1(a) through Class 1(f).**

____ <u>Class 1(a)</u>:  claims entitled to priority under Bankruptcy Code § 507(a)(1).  Debtor proposes to pay each claim in Class 1(a) in full over __ years time, with __% post-confirmation interest.  Payments will be made in equal [monthly][quarterly] amortizing installments, due on the first day of each calendar [month][quarter], starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.  For instructions on voting, see Part 2 of the Disclosure Statement.  If this Class does not vote to accept the Plan, then each claim in the class will be paid in full on the Effective Date (except to the extent a holder of a claim in the class agrees to other terms).  To the extent that this class contains claims for professionals employed pursuant to court order but not yet allowed by the Court, payment will commence after entry of a court order allowing that claim.

____ <u>Class 1(b)</u>:  claims entitled to priority under Bankruptcy Code § 507(a)(3).  Debtor will pay claims allowed under § 502(f) and entitled

to priority under § 507(a)(3) in full on the Effective Date, except to the extent a holder of such claim agrees to other terms.[9] This class is not impaired and not entitled to vote on the Plan.

<u>Class 1(c)</u>: claims entitled to priority under Bankruptcy Code § 507(a)(4). Debtor proposes to pay each claim in Class 1(c) in full over __ years time, with __% post-confirmation interest. Payments will be made in equal [monthly][quarterly] amortizing installments, due on the first day of each calendar [month][quarter], starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure Statement. If this Class does not vote to accept the Plan, then each claim in the class will be paid in full on the Effective Date (except to the extent a holder of a claim in that class agrees to other terms).

<u>Class 1(d)</u>: claims entitled to priority under Bankruptcy Code § 507(a)(5). Debtor proposes to pay each claim in Class 1(d) in full over __ years time, with __% post-confirmation interest. Payments will be made in equal [monthly][quarterly] amortizing installments, due on the first day of each calendar [month][quarter], starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure Statement. If this Class does not vote to accept the Plan, then each claim in the class will be paid in full on the Effective Date (except to the extent a holder of a claim in that class agrees to other terms).

<u>Class 1(e)</u>: claims entitled to priority under Bankruptcy Code § 507(a)(6). Debtor proposes to pay each claim in Class 1(e) in full over __ years time, with __% post-confirmation interest. Payments

will be made in equal [monthly][quarterly] amortizing installments, due on the first day of each calendar [month][quarter], starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure Statement. If this Class does not vote to accept the Plan, then each claim in the class will be paid in full on the Effective Date (except to the extent a holder of a claim in that class agrees to other terms).

____ <u>Class 1(f)</u>: claims entitled to priority under Bankruptcy Code § 507(a)(7). Debtor proposes to pay each claim in Class 1(f) in full over __ years time, with __% post-confirmation interest. Payments will be made in equal [monthly][quarterly] amortizing installments, due on the first day of each calendar [month][quarter], starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure Statement. If this Class does not vote to accept the Plan, then each claim in the class will be paid in full on the Effective Date (except to the extent a holder of a claim in that class agrees to other terms).

**Class 2-: Mortgage(s) on unimpaired secured claims.**

This class includes claims secured by a lien on property in which Debtor has an interest that are unimpaired under the Plan. Debtor will cure any default that occurred before or after August 11, 2009 the petition date in this case ("Petition Date"), reinstate the maturity of that claim as such maturity existed before the default, maintain current payments, and not otherwise alter the legal, equitable or contractual rights to which that claim entitles the

holder of the claim. All arrearages shall be paid in full on the Effective Date, unless the holder of the claim agrees to other terms. Regular payments made thereafter will be made when due under the documents governing claim.

These classes are unimpaired and not entitled to vote on the Plan.

| Class | Name of Creditor | Address of Collateral | Amount of Arrearages | Regular Monthly Payment |
|---|---|---|---|---|

**Debtor has no creditors in Class 2.**

**Class 3: Other Secured Claims including Debtor's primary residence**

This class includes claims secured by a lien on property in which Debtor has an interest, including the residential real property owned by Debtor and located at 1101 Heatherside Road, Pasadena, California 91105 ("Heatherside Road Residence"), other than the unimpaired secured claims in Class 2, to the extent of the value of that creditor's interest in Debtor's interest in the property, pursuant to § 506 of the Bankruptcy Code. The amount of the claim, if any, in excess of the secured claim is an unsecured claim in Class 3. However if the claim is secured solely by the Debtor's principal residence and there is any amount of equity to at least partially secure the claim, the claim will be paid in full as a secured claim in this class. [11 U.S.C. § 1123(b)(5)] <u>The claim of BAC Home Loan Servicing, LP ("BAC") is secured solely by Debtor's principal residence and there is equity to secure BAC's claim, thus BAC's claim will be paid in full pursuant to the terms of this plan.</u>

///

///

The following chart lists Class 3 claims and their proposed treatment under the Plan:

*3(a) Secured claim of*:

**Name = Los Angeles County Treasurer and Tax Collector**

Collateral description =  Heatherside Road Residence

Priority of lien = 1st

Total claim (at petition date) = $9,841.59

Value of collateral (at Petition Date) = $700,000.00

Post-petition interest, etc., if any = $0

Allowed secured claim = $9,841.59

**Plan Treatment**

Monthly Payment =    no less than $86.44 for year 1 (payments increase by 10% each year after the first year)

Payments Begin =    On the 15th of the first month after the Effective Date

Payments End =    not later than 84 months after Effective Date

Balloon Payment, if any = None

Interest Rate =    0%

<u>Debtor intends to file an objection to the claim of the Los Angeles County Treasurer And Tax Collector ("Property Tax Claim"). If this objection is granted, Debtor will have no liability for the Property Tax Claim.</u>


*3(b) Secured claim of*:

**Name = BAC Home Loan Servicing, LP** (servicing agent for Bank Of America, N.A.)

Collateral description = Heatherside Road Residence

Priority of lien = ~~2nd~~1st

Principal owed = $901,825.08

Pre-petition arrearages = $16,944.91

Total claim (at petition date) = $918,769.99

Value of collateral (at Petition Date) = $700,000.00

Post-petition interest, etc., if any = $0

Allowed secured claim = $ 918,769.99

~~Regular maintenance payments = variable~~

**Plan Treatment** For Prepetition Arrearages

Monthly Payment =    no less than $225.34 per month for 7 years,

Payments Begin =    On the 15th of the first month after the Effective Date

Payments End =    not later than 84 months after Effective Date

Balloon Payment, if any = None

Interest Rate =    4%

Monthly payments for prepetition arrearages will be due on the fifteenth day of the month.

Mortgage payments to BAC Homes Loan Servicing, LP ("BAC") will be paid outside of the Plan and will be paid pursuant to the terms of Debtor's promissory note with BAC Home Loan Servicing, LP.

BAC shall have the option of making the election of application of 11 U.S.C. §1111(b)(2) by making such election pursuant to the procedures set forth in Federal Rule Of Bankruptcy Procedure 3014.

If a secured creditor disputes the value of its collateral as stated above by Debtor, that secured creditor must timely file an objection to confirmation of the Plan, or the value stated by Debtor will be determined to be the value of the collateral. The objection shall be accompanied by competent evidence of valuation, which need

not include an appraisal. If the value of the collateral is disputed, the Court, after consultation with the parties, will schedule a hearing for determining value.

To the extent there are any defaults that are not being cured or paid in full on or before the Effective Date, those classes are impaired and entitled to vote on the Plan. See Part 2 of the Disclosure Statement for instructions on voting.

**Class 4: General Unsecured Claims.**

Class 4: General Unsecured Creditors. This class includes all allowed unsecured claims, including those creditors whose lien against the Heatherside Road Residence is not supported by any equity. Each member of Class 4(b) shall be paid 2% of its claim over 7 years in quarterly installments. Quarterly payments will increase by 10% after each 12 month period after the Effective Date.

In the alternative, if the objection to the Property Tax Claim is granted, each member of Class 4(b) shall be paid 3% of its claim over 7 years in quarterly installments.

This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure Statement.

Undisputed Class 4 claims, as of this date, are listed on Exhibit C to the Disclosure Statement.

## Article II

### Treatment of Unclassified Claims

Under Bankruptcy Code § 1123(a)(1), (I) administrative expense claims allowed under Bankruptcy Code § 503(b) and entitled to priority

under § 507(a)(2)(including the claims of professionals, United States Trustee fees and domestic support obligations arising post-petition) and (ii) priority tax claims under § 507(a)(8) are not classified and are not entitled to vote on confirmation of the Plan. These claims shall be treated as follows:

    A.  <u>Professional Fees</u>. Professional fees may only be paid upon application to and approval by the Bankruptcy Court. Debtor will pay the professional fees in full in cash on the later of (I) the Effective Date or (ii) approval by the Court, except to the extent that a holder of such claim agrees to other terms.

    B.  <u>Other Administrative Claims</u>. Debtor will pay other claims allowed under § 503(b) and entitled to priority under § 507(a)(2), including domestic support obligations arising post-petition and U.S. Trustee fees, in full on the Effective Date (although expenses arising and paid in the ordinary course of Debtor's financial affairs may be paid as due), except to the extent that a holder of these claims agrees to other terms.

    C.  <u>Tax Claims</u>. Debtor will pay claims entitled to priority under § 507(a)(8) in full over time with 3.67% interest in equal amortizing payments in accordance with § 511 of the Bankruptcy Code. Payments will be made quarterly, due on the first day of the quarter, starting on the first such date after the Effective Date and ending on the last such date that is no more than 5 years after the petition date. Payment of priority tax claims in full within 5 years of the order for relief and on terms not less favorable than those accorded the most favored non-priority creditor is required by § 1129(a)(9)(C).

## Article III

## Allowance and Disallowance of Claims

A. <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed and as to which either: (I) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

B. <u>Delayed Distribution on Disputed Claims</u>. No distribution will be made on account of a disputed claim unless that claim is allowed by final non-appealable order.

C. <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article IV

### Executory Contracts and Unexpired Leases

A. <u>Executory Contracts and Leases Assumed</u>. Debtor assumes the following executory contracts and unexpired leases, effective upon the Effective Date, and shall perform all obligations thereunder, both pre-confirmation and post-confirmation:

**None**

Any pre-confirmation arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the Court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance. Post-confirmation obligations will be paid as they come due.

B. <u>Executory Contracts and Leases Rejected</u>. Debtor will be

conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in A above, as of the Effective Date. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan. Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 4, except to the extent this court orders otherwise.

## Article V

### Means of Implementation

The Plan will be funded through:

_X_ a.  $3,500.00 of cash available on the date of the Plan Confirmation Hearing;

_X_ b.  additional cash from monthly disposable income (projected to be approximately $777/month for the 7-year period following confirmation); and/or

_X_ c.  other sources of funding, as follows:

If additional funds become necessary to meet Debtor's obligations under the Plan, Debtor's parents and/or in laws are willing and able to contribute the additional funds to satisfy any shortfall. Please see Part 3 of the Disclosure Statement for further details of these projections.

## Article VI

### Discharge and Other Effects of Confirmation

A. <u>Discharge.</u> Upon completion of all payments under the Plan, the Debtor will receive a discharge of all pre-confirmation debts, whether

or not the creditor files a proof of claim, accepts the Plan, or has its claim allowed, except as provided in § 1141 of the Bankruptcy Code.[23] Such discharge will not discharge Debtor from any debts that are non-dischargeable under § 523 of the Bankruptcy Code.—

B. <u>Final Decree</u>.  <u>Upon the substantial consummation of the Plan, the Court, upon motion by Debtor, shall enter a final decree, enabling Debtor to the complete her performance under the plan without incurring additional United States Trustee quarterly fees.</u>

C. <u>Vesting of Property</u>.  On the Effective Date, all property of the estate will vest in the reorganized debtor pursuant to § 1141(b) of the Bankruptcy Code, free and clear of all claims and interests except as provided in the Plan.

~~C~~D. <u>Plan Creates New Obligations</u>.  The payments promised in the Plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

~~D~~E. <u>Creditor Action Restrained</u>.  Creditors may not take any action to enforce either pre-confirmation obligations or obligations due under the Plan, so long as the Debtor is not in Material Default under the Plan.  If the Debtor is in Material Default under the Plan, then affected creditors may:  (I) take any actions permitted under non-bankruptcy law to enforce the terms of the Plan or (ii) move to dismiss this case or to convert this case to a Chapter 7 bankruptcy case.

~~E~~F. <u>Material Default Defined</u>.  If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of default.  Debtor is in Material Default under the Plan if the Debtor fails within 21 days of the service of such

Law Offices
Of Raymond
H. Aver, APC

1  notice of default either: (I) to cure the default or (ii) to obtain
2  from the Court an extension of time to cure the default or a
3  determination that no default exists or occurred.

4     ~~F~~G. <u>Retention of Jurisdiction</u>. The Court will retain jurisdiction
5  to the extent provided by law.

## Article VII
## General Provisions

A. <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Code are used in the Plan, unless otherwise defined in the Plan.

B. <u>Effective Date of Plan</u>. The Effective Date of the Plan is the later of: ~~September 15, 2010; 15 days following the date of the entry of the judgment in Cadell v. Bank of America, N.A., et al., Adv. No. AD 10-01548 EC~~<u>January 15, 2011</u>; or 15 days following the date of the entry of ~~the~~<u>a final</u> order confirming the Plan. But if a stay of the judgment or the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which no stay of the judgment and/or confirmation order is in effect, provided that the judgment and/or confirmation order has not been vacated.

C. <u>Severability</u>. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

D. <u>Cramdown</u>. Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to § 1129(b) of the Bankruptcy Code.

E. <u>Binding Effect</u>. The rights and obligations of any entity named

or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

F. <u>Captions.</u> The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

G. <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

## Article VIII
### Other Provisions

A. For purposes of this Plan, "Mortgage Creditor" includes all creditors whose claims represent consumer debts secured in whole or in part by a security interest in real property or manufactured housing, which real property constitutes Debtor's principal residence.

B. Mortgage Creditor and/or its servicer shall apply the direct post petition mortgage payments paid by Debtor outside the Plan to the first post-petition month that is due, whether or not such payments are immediately applied to the loan or placed into some type of suspense account. The payments disbursed through the Plan to the Mortgage Creditor and/or its servicer shall be applied and credited to the amount necessary to cure the pre-petition default, which shall be referred to as the "arrears" for the purposes of this Plan. The arrears shall be the amount specifically itemized in the Mortgage Creditor and/or its servicer's Proof Of Claim, provided the amounts are authorized and properly assessed under the terms of the note and

mortgage, unless Debtor at any time disputes that amount, in which case the arrears will be the amount ultimately decided by the Court or agreed to by the parties. No payments received during the case by the Mortgage Creditor and/or its servicer from Debtor, shall be applied and credited except as directed and required by this Plan.

C.  Upon completion of the payment of the arrears, Debtor's mortgage account shall be deemed current as to the pre-petition default and will be reinstated on the original payment schedule under the note and mortgage as if no pre-petition default had ever occurred.

D.  Debtor retains and reserves for herself and the estate any and all pre-petition and post-petition claims that she could or might assert against any party or entity arising under any state or federal law and nothing in the Plan, or in the schedules, shall be deemed a waiver of any such claims or causes of action.

E.  Confirmation of this Plan does not bar a party in interest from objecting to any Proof Of Claim that is not filed in strict compliance with Federal Bankruptcy Rules 3001 or 3002. Furthermore, to the extent a filed proof of claim is inconsistent with the Plan, or with any of the schedules or statements filed in this case, Debtor reserves the right to object and to pursue all legal claims related to, arising out of, the transactions giving rise to the said claim(s).

F.  If the Mortgage Creditor provided monthly statements to Debtor pre-petition, the Mortgage Creditor must provide monthly statements to Debtor post-petition. The monthly statements must contain at least the following information concerning post-petition mortgage payments to be made outside the Plan:

    1.  The date of the statement and the date the next payment is due;

2. The amount of the current monthly payment;

3. The portion of the payment attributable to escrow, if any;

4. The post-petition amount past due, if any, and from what date;

5. Any outstanding post-petition late charges;

6. The amount and date of receipt of all payments received since the date of the last statement;

7. A telephone number and contact information that Debtor or Debtor's attorney may use to obtain reasonably prompt information regarding the loan and recent transactions; and

8. The proper payment address.

///

///

G.  The Mortgage Creditor must provide the following information to Debtor upon reasonable written request of Debtor or Debtor's attorney:

1. The principal balance of the loan;
2. The original maturity date;
3. The current interest rate;
4. The current escrow balance, if any;
5. The interest paid year to date; and
6. The property taxes paid year to date, if any.

Respectfully submitted,

By: _____
      PHYLLIS R. CADDELL
      Debtor and Debtor In Possession

LAW OFFICES OF RAYMOND H. AVER
A Professional Corporation

By: _____
      RAYMOND H. AVER
Attorneys for
PHYLLIS R. CADDELL
Debtor and Debtor In Possession

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1950 Sawtelle Boulevard, Suite 328, Los Angeles, California 90025

The foregoing document described **REDLINE VERSION OF "AMENDED PLAN OF REORGANIZATION"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 4, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

__X__    Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On **November 4, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

__    Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 4, 2010**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Honorable Ellen Carroll
Bin Outside Courtroom 1639

__    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 4, 2010 | Trevor Hunter | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |

## SERVICE LIST

**Via NEF**

Raymond H Aver    ray@averlaw.com
Patti H Bass    ecf@bass-associates.com
Mark Domeyer    mdomeyer@mileslegal.com
Christopher M McDermott    ecfcacb@piteduncan.com
Matthew D Tokarz    mtokarz@mileslegal.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Christopher M Wall    acole@ncmllc.com